(No. 2651— )

ADORA ELLEN JONES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1936.*

JAMES J. McCAULEY and L. B. PALMER, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant is the widow of Charles I. Jones who, on the 7th day of December, A. D. 1934, was an employee of the Illinois Emergency Relief Commission. Mr. Jones had been assigned by the Emergency Relief Commission to the State Highway Department and was working under the supervision of George A. Whipple, Highway Maintenance Supervisor of the respondent, at or near the intersection of S. B. I. Routes 23 and 19 near Harvard, Illinois. About 9:30 a. m. on December 7th, 1934 Mr. Jones was acting as a flagman, flagging traffic for other members of the gang who were then working on the highway. While in the performance of his duties, he was struck by an automobile driven by one Claire W. Floyd, and sustained injuries which resulted in his death on the same day.

Under the evidence in the record we find as follows:

1. That on December 7th, 1934 said employer and said employee were operating under and bound by the terms and provisions of the Workmen's Compensation Act of this State.

2. That on said date claimant's intestate sustained accidental injuries which arose out of and in the course of his employment, and which resulted in his death on the same date.

3. That notice of the accident was given and claim for compensation on account thereof was made in accordance with the requirements of Section 24 of the Workmen's Compensation Act.

4. That said decedent left him surviving the claimant, Adora Ellen Jones, his widow, whom he was under legal obligation to support, and no child or children under the age of sixteen years.

5. That the wages of claimant's intestate at and prior to the time of the accident were Thirty-five Cents (35c) per hour, and counsel for claimant concede that she is entitled only to the minimum award under Section 7A of the Act.

6. That under the provisions of Section 7A of the Workmen's Compensation Act, claimant is entitled to an award in the amount of $2,500.00.

The employer in this case being the Illinois Emergency Relief Commission, such award should be paid from the funds of such Commission heretofore appropriated and set apart for the payment of compensation awards for injuries or death sustained or suffered by employees of such Commission, and not from the Road Fund or the General Fund of the State of Illinois.

We therefore recommend that payment be made by the Illinois Emergency Relief Commission to the claimant in the sum of Twenty-five Hundred Dollars ($2,500.00), in the manner provided by law.